# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE LEWIS-BEY, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-1578 |
| | : | |
| SMART, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**SLOMSKY, J.**                                                                                                       **MAY 26, 2021**

Plaintiff Tyrone Lewis-Bey filed this civil action alleging a violation of his civil rights. Lewis-Bey has also sought leave to proceed *in forma pauperis*. For the following reasons, the Court will grant the application to proceed *in forma pauperis* and dismiss Lewis-Bey's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Lewis-Bey will be granted leave to file an amended complaint.

## I.     FACTUAL ALLEGATIONS[1]

The allegations in Lewis-Bey's Complaint are quite brief. (*See* ECF No. 2 at 1-2.)[2] He contends that in May 2019, he was arrested by an officer "who had been constantly harassing" him. (*Id.* at 1.) Lewis-Bey claims that while he was riding his bicycle, a police officer "was coming fast and close to my back bike tire." (*Id.*) Lewis-Bey "decided to move," and turned onto a street travelling against traffic "to get onto the sidewalk . . . to let the officer pass by." (*Id.*) He alleges that the officer followed him and "jumped the sidewalk to block my movement." (*Id.*) When he asked why he was stopped, Lewis-Bey was told that he was "riding

---

[1] The following allegations are taken from Lewis-Bey's Complaint.

[2] The Court adopts that pagination supplied by the CM/ECF docketing system.

a bike without lights, no helmet, against traffic, [and] on [the] sidewalk." (*Id.*) He contends that he was searched and arrested, but not given a ticket. (*Id.*) According to Lewis-Bey, he was harassed by police. (*Id.*) Lewis-Bey identifies the arresting officer as Officer Smart, who was accompanied by his partner, Officer Sarpong. (*Id.* at 2.)

II.     **STANDARD OF REVIEW**

The Court grants Lewis-Bey leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Lewis-Bey is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[3] By Order dated April 12, 2021, the Clerk of Court was directed to send to Lewis-Bey a nonprisoner application to proceed *in forma pauperis*. (*See* ECF No. 4.) The docket reflects that the Order along with forms were sent to Lewis-Bey; however, Lewis-Bey did not return a completed application to proceed *in forma pauperis* on the Court's form. Instead, Lewis-Bey submitted a hand-written motion to proceed *in forma pauperis*. (ECF No. 5.) Lewis-Bey represents to the Court in this motion that he was working as a barber until COVID-19 restrictions hindered his ability to work, he was diagnosed with several medical conditions and has applied for Social Security disability benefits based thereon, he has no income, and he is unable to work. (*Id.*) These circumstances indicate that Lewis-Bey is entitled to *in forma pauperis* status.

2

## III. DISCUSSION

Lewis-Bey's Complaint fails to meet the requirements of the Federal Rules of Civil Procedure and the applicable federal civil rights statutes, and therefore cannot proceed in its present form. Lewis-Bey's Complaint does not comply with the requirements of Federal Rules of Civil Procedure 8 and 10. To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) ("Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and 'a demand for the relief sought.'") (quoting Fed. R. Civ. P. 8(a)(2), (3)); *see also id.* ("Each averment must be 'simple, concise, and direct.'") (quoting Fed. R. Civ. P. 8(d)(1)). "This standard operates in tandem with that of Rule 10," which requires that a pleading contain a caption with the Court's name and the names of the parties, and that claims be listed in numbered paragraphs. *Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (citing Fed. R. Civ. P. 10). "The purpose of Rule 10 is to create clarity in pleadings, which allows a defendant and the Court to determine whether there are sufficient facts to support a claim entitling a plaintiff to relief." *Id.* (citing *Young v. Centerville Clinic, Inc.*, Civ. A. No. 09-325, 2009 WL 4722820, at *3 (W.D. Pa. Dec. 2, 2009).

As an initial matter, the Complaint does not allege any basis for this Court's jurisdiction, nor does Lewis-Bey present a request for relief. The Complaint also does not set forth facts or claims in numbered paragraphs. *See Iqbal*, 556 U.S. at 678 ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (internal quotations omitted)). Moreover, Lewis-Bey's filing is entitled "Original Complaint" but does not contain a caption and it is unclear who Lewis-Bey wants to sue. Although he identifies two officers in the body of his

Complaint, he does not include these individuals in a caption. The Court assumes that these officers are the intended Defendants. Nevertheless, Lewis-Bey's Complaint does not adequately inform the Court of the issues that need to be determined in this matter, nor does the Complaint provide enough information to put the Defendants on sufficient notice to prepare a defense to his claims.

Additionally, Lewis-Bey's pleading in its current form is conclusory and falls short of providing a sufficient factual basis to state plausible claims. The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Here, Lewis-Bey asserts that when he asked the officer the reason for the stop, "he said for riding a bike without lights, no helmet, against traffic, on sidewalk," but "if he says that's the reason . . . [for] the arrest, the[n] where is the ticket that would grant probable cause for that illegal search and seizure which was just for harassment because I used to hang at a house that they had busted before but I was never arrested there. I was arrested for a probation violation." (*See* ECF No. 2 at 1-2.) It is unclear what Lewis-Bey means by that. Even construing the allegations in the Complaint liberally, the circumstances of Lewis-Bey's arrest are vague. Absent any factual allegations explaining why the search and seizure was unlawful, the Complaint cannot support a plausible Fourth Amendment Claim under the *Iqbal* pleading standard.

While Lewis-Bey has failed to state a plausible claim at this time, the Court is not prepared to find that Lewis-Bey, if granted the opportunity, cannot state a plausible claim for relief against the appropriate and relevant defendants. Accordingly, Lewis-Bey's claims will be dismissed without prejudice, and he will be granted leave to file an amended complaint if he wishes to proceed with the case. The amended complaint must name proper defendants and

provides a clear recitation of the facts if he wishes to proceed with the case. Lewis-Bey must also state the relief he seeks from the Court through this lawsuit.

## IV. CONCLUSION

For the reasons stated, Lewis-Bey's Complaint is dismissed without prejudice. He may file an amended complaint if he is able to cure the defects the Court has identified. An appropriate Order follows.

**BY THE COURT:**

/s/Joel H. Slomsky, J.
**JOEL H. SLOMSKY, J.**